IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00380-REB-KLM

GEORGE E. FLORENCE,

　　　Plaintiff(s),

v.

H.A. RIOS, JR.,
MICHAEL K. NALLEY, and
HARRELL WATTS,

　　　Defendant(s).
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**


　　　This matter comes before the Court on Defendant H.A. Rios' Motion to Dismiss

[Docket No. 22; filed June 12, 2007], Defendant Michael K. Nalley's Motion to Dismiss

[Docket No. 23; filed June 12, 2007], and Defendant Harrell Watts' Motion to Dismiss

[Docket No. 24; failed June 12, 2007].  Plaintiff was given until July 16, 2007 to file his

responses to the motions to dismiss, but failed to do so.  *Minute Order*, Docket No. 26;

filed June 13, 2007.   Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R.

72.1.C., this matter has been referred to this Court for recommendation.  For the reasons

set forth below, the Court recommends that the Motions be **GRANTED**.

**I.　　Statement of the Case**

At the time of filing, Plaintiff George E. Florence was incarcerated at the Federal Correctional Institute in Florence, Colorado ("FCI").[1]  Plaintiff filed a *pro se* prisoner complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)[2], alleging that Defendants denied his request for a back pain medication, Amitriptyline, and heart medication, Nitroglycerin,  and conducted an improper and inadequate independent investigation of Plaintiff's medication needs.  Plaintiff alleges that these failures violated his Eighth and Ninth Amendment rights.

Plaintiff contends that on August 16, 2004, while performing his assigned duties in the ADX food service department, he slipped on a wet floor and sustained a back injury. Plaintiff then required a five-day hospitalization.  Plaintiff maintains that upon his discharge from the hospital, his doctor provided him with a prescription for a medication called Amitriptyline, to manage his chronic back pain.[3]  Plaintiff states that he was denied his back pain medication by prison officials on December 27, 2004.  He also contends that he was denied his heart medication, Nitroglycerin, but does not state any dates relevant to

---

[1]Plaintiff is currently incarcerated at the Federal Correctional Institution-Low, located in Coleman, Florida.

[2]In his Amended Complaint [Docket No. 5; filed March 12, 2007], under the "Jurisdiction" section, Plaintiff actually alleged jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  However, as Plaintiff is incarcerated in a federal facility, he is incorrect that these statutes would provide the basis for jurisdiction.

[3]The prescription for Amitriptyline was actually provided by the Clinical Director of FCI, as a substitute for the non-formulary drug Neurontin, which was originally prescribed by Plaintiff's doctor. *Plaintiff's Amended Complaint*, Ex.3.

the denial of his Nitroglycerin.  Further, it is not clear whether or on what date Plaintiff began receiving his medication again.  Plaintiff appears to be complaining about the physical pain and mental anguish caused by the alleged delay in receiving his medications.  He claims that Defendants "knew of and blatantly disregarded the excessive risk to Plaintiff[]'s health or safety, by failing to take the reasonable measure of granting in a timely manner the required back and heart medications to abate it." *Amended Complaint*, p.11 (emphasis in original).  Plaintiff requests that judgment be entered for him against each named Defendant in the amount of $33,000,000.00, consisting of $13,000,000.00 in actual damages and $20,000,000.00 in punitive damages.

Each Defendant has filed a Motion to Dismiss.  In support of his motion, Defendant H.A. Rios asserts four justifications: (1) collateral estoppel bars Plaintiff's Eighth Amendment claims; (2) Defendant is entitled to qualified immunity on any claim raised against him in his individual capacity; (3) Defendant is entitled to sovereign immunity on claims raised against him in his official capacity; and (4) Plaintiff fails to state a claim for Ninth Amendment relief.   In support of their motions, Defendants Harrell Watts and Michael K. Nalley assert five identical justifications: (1) this Court does not have personal jurisdiction over them, as they lack the required contacts with the State of Colorado; (2) collateral estoppel bars Plaintiff's Eighth Amendment claims; (3) Defendants are entitled to qualified immunity on any claim raised against them in their individual capacity; (4) Defendants are entitled to sovereign immunity on claims raised against them in their official capacity; and (5) Plaintiff fails to state a claim for Ninth Amendment relief.

3

## II.     Discussion

### A.     Legal Standards Applicable to Plaintiff's claims

#### 1.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

Subject matter jurisdiction is the court's authority to hear a case and cannot be waived. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When reviewing a facial attack on a complaint pursuant to Fed. R. Civ. P. 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Here, Defendants assert that the Court lacks subject matter jurisdiction because Plaintiff's Amended Complaint, on its face, is barred by the doctrines of qualified and sovereign immunity.

#### 2.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2)

As a court of limited jurisdiction, this Court may only exercise jurisdiction over non-resident Defendants Nalley and Watts if (1) the long-arm statute of Colorado permits personal jurisdiction in this case; and (2) the exercise of personal jurisdiction in Colorado comports with the Due Process Clause of the United States Constitution. *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005). The Supreme Court of Colorado interprets Colorado's long-arm statute "to confer the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions."

*Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Therefore, a due process analysis of jurisdiction in this case will also satisfy Colorado's long-arm statute.

Due process first requires that the defendant have "minimum contacts" with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This requirement protects a defendant from "being subject to the binding judgment of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted). The defendant must have "fair warning that a particular activity may subject [him] to jurisdiction." *Id*. Minimum contacts may be established either generally or specifically:

> Depending on the level of contact, personal jurisdiction may be either specific, in which case personal jurisdiction is based on specific activities or contacts the defendant has with the forum state, or it may be general, in which case jurisdiction is based upon "continuous or systematic contacts" between the defendant and the forum state. Under either theory of jurisdiction, the defendant's contact must be substantial enough so that exercising personal jurisdiction "does not offend traditional notions of fair play and substantial justice."

*United States v. Botefuhr*, 309 F.3d 1263, 1271-72 (10th Cir. 2002) (citations omitted). Here, Defendants Nalley and Watts assert that this Court lacks personal jurisdiction over them, as they do not have the required minimum contacts with the State of Colorado.

### 3.   Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When deciding a Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all the well-pleaded allegations of the complaint as true and must

construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, ____ U.S. ____, 127 S.Ct. 2197 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TOM Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 495 F.3d 1182 (10th Cir. 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims. *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174 (10th Cir. 2007). Here, Defendants assert that Plaintiff fails to state a claim for Ninth Amendment relief.

Finally, because Plaintiff here is proceeding *pro se*, the Court construes his pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

6

## B.      Analysis

As a preliminary matter, Plaintiff's failure to respond to the Motions may be grounds for dismissal of his case because Plaintiff was directed by the Court to file his responses to the Motions by a certain date.  *See* Fed. R. Civ. P. 41(b); *Conkle v. Potter*, 352 F.3d 1333, 1337 (10th Cir. 2003); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Ordinarily, the time to respond is governed by the Local Rules, here D.C. Colo. L. Civ. R. 7.1(C), which allows twenty (20) days to respond to a motion to dismiss.  However, in the case at hand, Plaintiff was directed to respond by Court order and allowed an additional fourteen (14) days after the deadline provided by Local Rule 7.1(C) in which to do so. *Minute Order*, Docket No. 26; filed June 13, 2007.  Defendant's Motions clearly state that the requested relief is dismissal of Plaintiff's action.  As such, dismissal may be appropriate based on Plaintiff's failure to follow the Court's Order.

However, due to the judicial system's strong preference for resolving cases on their merits, the Court considers the other assertions made by the Defendants in support of their Motions.[4]

### 1.      Personal Jurisdiction

---

[4] Although dismissal may be contemplated by Fed. R. Civ. P. 41(b), Defendants did not move for this result.  Further, while some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry.  *See e.g.* D.C.N.M. L. Civ. R. 7.5(b); D.C. Kan. L. Civ. R. 7.4.  In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has held that it is error to dismiss based solely on the *pro se* plaintiff's failure to respond to the motion to dismiss without also considering the merits of the motion.  *Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, 130 (10th Cir. 2003) (unpublished decision).

Defendants Nalley and Watts contend that the Court lacks personal jurisdiction over them.  Defendant Nalley, the Regional Director for the Federal Bureau of Prison's North Central Regional Office, lives and works in Kansas.  *Nalley's Motion to Dismiss*, Ex. B, p.1. Defendant Nalley argues that he does not have primary responsibility for inmates at FCI, and has never had primary responsibility for the medical care provided to FCI inmates. *Nalley's Motion to Dismiss*, p. 4, ¶ 3.  Defendant Nalley alleges that his "sole connection to this case is as the Regional Director, who usually decides mid-level appeals." *Nalley's Motion to Dismiss*, p. 2, ¶ 1.  Defendant Watts, the National Inmate Appeals Administrator for the United States Department of Justice, Federal Bureau of Prisons, lives and works in Washington, D.C.  *Watts' Motion to Dismiss*, Ex. B, p.1.  Defendant Watts argues that he does not have primary responsibility for inmates at FCI, and has never had primary responsibility for the conditions of confinement or medical care provided to Plaintiff. *Nalley's Motion to Dismiss*, p. 4, ¶ 3.  Defendant Watts alleges that his "sole connection to this case is as the reviewer of Plaintiff's third level administrative appeal." *Watts' Motion to Dismiss*, p. 2, ¶ 1.

Case law supports Defendant Watts and Nalley's arguments that this Court does not have personal jurisdiction over them, as they lack the required minimum contacts with Colorado to satisfy Due Process.  *See, e.g., Durham v. Lappin*, 2006 WL 2724091 (D.Colo. 2006) (finding no personal jurisdiction over regional directors who signed off on denials of the plaintiff's grievances); *Cuoco v. Hurley*, 2000 WL 1375273 (D.Colo. 2000) (finding no personal jurisdiction over regional director who reviewed the plaintiff's appeal).

8

The Court, therefore, recommends that claims against Defendants Nalley and Watts, both in their individual and official capacities, be **DISMISSED** without prejudice.

Defendant Rios does not dispute that this Court has personal jurisdiction over him. Although Defendant Rios is not the current Warden of FCI, he served as Warden during the time period when Plaintiff filed his requests for administrative remedies. *Rios' Motion to Dismiss,* Ex. B, p.1, ¶ 2-3. Thus, the Court addresses Defendant Rios' arguments regarding dismissal of Plaintiff's claims against him.

### 2.    Collateral Estoppel

Defendant Rios argues that the doctrine of collateral estoppel bars Plaintiff's Eighth Amendment claim. The Supreme Court has defined collateral estoppel as, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). The Tenth Circuit has found that the following criteria must be present for collateral estoppel to apply: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *U.S. v. Rogers*, 960 F.2d 1501, 1508 (10th Cir. 1992).

9

Defendant asserts that Plaintiff has filed two[5] previous complaints with this court; *Florence v. Barrios, et al.,* 06-cv-00798-ZLW (D.Colo., filed April 26, 2006) ("2006 case") and *Florence v. Kendig, et al.*, 05-cv-01778-REB-PAC (D.Colo., filed October 5, 2005) ("2005 case").[6]   The District Court dismissed Plaintiff's 2006 case for failure to exhaust administrative remedies, which dismissal was affirmed by the Tenth Circuit Court of Appeals.  *Defendant's Motion*, Ex. G; Ex. H.  However, Plaintiff's 2005 case resulted in a dismissal on the merits of Plaintiff's Eighth Amendment claims.  *Defendant's Motion*, Ex. E.  It is this 2005 case that Defendant alleges creates the collateral estoppel of Plaintiff's claims in the instant case.  In Plaintiff's 2005 case, he requested a preliminary injunction "compelling caption named Defendants to provide Plaintiff's prescribed medication Gabepentin (Neurovin) . . . ."  *Defendant's Motion*, Ex. D, p. 8.  In the 2005 case, Plaintiff complained about actions taken by other defendants, wherein the defendants substituted the pain medication Amitriptyline for the medication Neurontin.[7]   The reason for this substitution was that Neurontin was not available from the prison pharmacy, i.e., it was "non-formulary".  As the District Court stated in its Order dismissing the case, "[t]he facts alleged in the complaint establish nothing more than a disagreement concerning the

---

[5]Indeed, Plaintiff has filed more than two complaints with this Court related to his accident on August 16, 2004.  *See Florence v. Decker, et al.,* 05-cv-00383-ZLW (dismissed without prejudice for failure to pay filing fee); *Florence v. Velasquez, et al.,* 05-cv-00651-OES (dismissed for failure to comply with Fed.R.Civ.P. 8);and *Florence v. Decker, at al.,* 06-cv-00178-REB-PAC (dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6)).

[6] Defendant occasionally incorrectly identifies this case as 05-cv-00179 or 06-cv-00179.

[7]Also identified as "Neurovin".

particular pain medication to be provided to the plaintiff." *Defendant's Motion*, Ex. E, p. 3.

Defendant contends that "[c]omparison of the claims and facts in the prior Complaints with

the present Complaint shows that the current Complaint is but a sub-set of the claims

[Plaintiff] previously sought – albeit unsuccessfully – to advance." *Defendant's Motion*, p.

6, ¶ 3.

### i.   Elements of Collateral Estoppel

First, for collateral estoppel to apply, the issue previously decided must be identical

with the one presented in the action in question. *Rogers*, 960 F.2d at 1508.  In Plaintiff's

2005 case, the issue was whether Defendants' substitution of Amitryptyline, a formulary

drug, for Neurontin, a non-formulary drug, violated Plaintiff's Eighth Amendment rights.

This issue was fully briefed and decided on the merits.  However, the issue in the case at

hand is whether the Defendant's alleged delay in providing Plaintiff with Amitryptyline and

Nitroglycerin violated his Eighth Amendment rights.[8]  Plaintiff does not even mention or

complain of Amitryptyline being substituted for Neurontin in his Amended Amended

Complaint.  These issues are not identical, as is required for the doctrine of collateral

estoppel to apply. *Rogers*, 960 F.2d at 1508.  As the first element of collateral estoppel

is not met, this Court declines to address the remaining three elements.  This Court finds

---

[8] Defendant incorrectly states the true issue in this case several times.  He states, "Rios's alleged failure to grant Plaintiff the relief he requested (the specific medication he wanted) is alleged to have violated the Plaintiff's Eighth and Ninth Amendment rights." *Defendant's Motion*, p. 2.  However, a simple reading of Plaintiff's Amended Complaint shows that Plaintiff complains of the delays he faced in receiving the medications prescribed to him by prison officials, and not of the denial of a specific medication originally prescribed to him by his doctor. *Amended Complaint*, p. 4.

Case 1:07-cv-00380-REB-KLM   Document 36   Filed 10/12/07   USDC Colorado   Page 12 of 17

that Defendant is incorrect that the doctrine of collateral estoppel would bar Plaintiff's claims in the case at hand.

### 3.    Qualified Immunity

Defendant Rios next moves to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), arguing that he is entitled to qualified immunity on any claim raised against him in his individual capacity.[9]   As federal officials, defendants may be held individually liable for actions taken under color of federal authority.  *See Bivens*, 403 U.S. at 395.  Under *Bivens*, a plaintiff may not establish liability against a federal official in his official capacity.  *See Simmat v. United States Bureau of Prison*, 413 F.3d 1225, 1233-34 (10th Cir. 2005).   Instead, an action against a federal official in his official capacity is construed as an action against the United States.  *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).   Further, a suit for damages against the United States is barred by sovereign immunity unless such immunity has been waived.  *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989).

Qualified immunity is a defense to a *Bivens* action.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).   In *Harlow*, the Court explained that qualified immunity shields government officials from liability for damages incurred in the performance of discretionary functions as long as their conduct does not violate "clearly established statutory or

---

[9] Defendant appears to be confused as to whether he is truly being sued in his individual capacity.  In his Motion, Defendant states "[t]he claims against [Defendant] seem to be directed at actions taken in his official capacity."  *Defendant's Motion*, p. 8, footnote 4.  However, in Plaintiff's Request for Relief, he states several times that the Defendants are to be sued in their individual capacities.  *Amended Complaint*, p. 1.

constitutional rights of which a reasonable person would have known." *Id.* Courts use an objective standard, evaluating the official's conduct in light of the state of the law at the time of the purported constitutional or statutory violation. *Id.* Qualified immunity is a defense from suit, not just liability. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).

Upon the Defendant's assertion of a qualified immunity defense, the Plaintiff has a two-part burden. Plaintiff must come forward with facts or allegations that the Defendant's conduct was a violation of a clearly established constitutional or statutory right at the time of its occurrence, and that the violated right was "clearly established such that a reasonable person in the defendant's position would have known the conduct violated the right." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997).

### i.    Elements of an Eighth Amendment Claim

The Eighth Amendment is violated when a prison official acts with "deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-106 (1976). Deliberate indifference means that prison medical staff knew of the inmate's serious medical need, but intentionally disregarded an excessive risk of harm to the inmate, or that prison guards or medical staff intentionally prevented the inmate from receiving prescribed treatment or intentionally delayed or denied him access to medical care. *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).

A claim of deliberate indifference has both objective and subjective components. *Callahan*, 471 F.3d at 1159. The objective component requires that harm suffered is

"sufficiently serious" so as to implicate the Cruel and Unusual Punishment Clause. *Id.* (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006)). The subjective component requires that the plaintiff establish that the "defendant knew [plaintiff] faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 847). Prison officials show deliberate indifference to serious medical needs when they deny, delay, or intentionally interfere with necessary medical care. *Id.* However, no constitutional claim is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment. *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992).

The question here is whether Plaintiff's allegations, if true, state a claim under the Eighth Amendment. *Kikumura*, 461 F.3d at 1291. Reading Plaintiff's Amended Complaint liberally, accepting all factual allegations in the pleading as true, and resolving all reasonable inferences in Plaintiff's favor, this Court finds that Plaintiff fails to allege facts proving an Eighth Amendment violation.

The Court must first determine whether Defendant's delay in providing medication to Plaintiff resulted in "sufficiently serious" harm, as Plaintiff claims. *Callahan,* 471 F.3d at 1159. Plaintiff alleges that due to the delay in receiving his medication, he "experience[d] great mental pain, suffering and anguish, thinking and believing that he would never obtain back pain medication to `relieve the chronically physical pain that he perpetually lives with." *Amended Complaint*, p. 5. It is well established that "not every

14

lapse in prison medical care will rise to the level of a constitutional violation." *Estelle v. Gamble,* 429 U.S. 97, 105-106 (1976).   Although Plaintiff's condition is alleged to be severe, the Court must consider the frequency and duration of the delays to determine whether these incidents constitute sufficiently serious harm. *Smith v. Carpenter*, 316 F.3d 178, 185 (2nd Cir. 2003) (holding "[w]hen the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment, rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation is, in 'objective terms, sufficiently serious'").   Plaintiff has not provided this Court with any information regarding the length of time or the numbers of times he was deprived of his pain or heart medication.   None of his proffered exhibits provide this Court with any means to determine the applicable period or periods of time when his medication was delayed, nor the duration of such time periods.   Plaintiff has failed to come forward with facts or allegations that the Defendant's conduct was a violation of a clearly established constitutional or statutory right at the time of its occurrence. *Lawmaster*, 125 F.3d at 1347.   Although there is no doubt that suffering from chronic pain can and will result in sufficiently serious harm, Plaintiff has not alleged sufficient facts to survive a Motion to Dismiss.   Accordingly, this Court recommends that Plaintiff's Eighth Amendment claim be **DISMISSED**.

### 4.      Elements of a Ninth Amendment Claim

Plaintiff alleges that Defendant's actions or inactions regarding the delay in

providing his medication violated his Ninth Amendment rights, thereby seizing "the God given natural rights of Plaintiff Florence to walk, run, jump, swim, play physical games, and physically play with his grandchildren." *Amended Complaint,* p. 6. The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." It is well established that the Ninth Amendment is not an independent source of individual rights, but a rule of construction to be applied in certain cases. *See United States v. Bifield*, 702 F.2d 342. 349 (2nd Cir. 1983). The Tenth Circuit Court of Appeals has held that because other amendments, such as the Eighth Amendment, specifically address the mistreatment of prisoners, Ninth Amendment claims are indisputably meritless. *Parnisi v. Colo. State Hosp.*, 1993 WL 118860, *1 (10th Cir. 1993). As such, Plaintiff fails to state any claim pursuant to the Ninth Amendment. This Court recommends that Plaintiff's Ninth Amendment claim be **DISMISSED**.

**III.    Conclusion**

For the reasons stated above, the Court RECOMMENDS that Defendant H.A. Rios' Motion to Dismiss [Docket No. 22; filed June 12, 2007] be **GRANTED**, that Defendant Michael K. Nalley's Motion to Dismiss [Docket No. 23; filed June 12, 2007] be **GRANTED**, and Defendant Harrell Watts' Motion to Dismiss [Docket No. 24; failed June 12, 2007] be **GRANTED.**

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written

objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ.

P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review

of both factual and legal questions.  *In re Key Energy Resources Inc.*, 230 F.3d 1197,

1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for

appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th

Cir. 1996).

BY THE COURT:

\_\_s/ Kristen L. Mix_____
United States Magistrate Judge

Dated:  October 12, 2007