IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00380-REB-PAC

GEORGE E. FLORENCE,

    Plaintiff,

v.

H.A. RIOS, JR.,
MICHAEL K. NALLEY, and
HARRELL WATTS,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

**Blackburn, J.**

The matter before me is **Plaintiff-Appellant's Motion for Reconsideration or Alternatively Notice of Appeal to District Court's Order and Judgment Dated February 25, 2008 and February 26th, 2008, Respectively** [#47] filed April 7, 2008. The defendants filed a response [#48] on April 18, 2008. I deny the motion.

Though captioned as a motion to reconsider, the plaintiff's motion properly is considered as a motion to alter or amend judgment under FED. R. CIV. P. 59(e), or as a motion for relief from judgment under FED. R. CIV. P. 60. The essence of the relief sought by the plaintiff is that I vacate the court's judgment in this case. FED. R. CIV. P. 59 provides that a party may move "to alter or amend a judgment" in a motion filed within ten days of the judgment. Rule 59 permits a court to "open the judgment if one has been entered, . . . make new findings and conclusions, and direct the entry of a new judgment. The primary bases for a motion under Rule 59(e) are

> (1) an intervening change in the controlling law, (2) new
> evidence previously unavailable, and (3) the need to correct
> clear error or prevent manifest injustice.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Rule 60 provides that a court may relieve a party from a final judgment based on various reasons, including mistake, inadvertence, newly discovered evidence, and "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60 (b).

None of these circumstances pertains here. The plaintiff states his disagreement with my legal conclusions. He does not demonstrate an intervening change in the law, the existence of new evidence, a mistake, or the need to correct clear error or to prevent manifest injustice. Rather, the plaintiff continues to argue that the legal conclusions of this court are incorrect. I disagree. Accordingly, the plaintiff's motion for reconsideration must be denied. I note also that if the plaintiff's motion is viewed as a Rule 59 motion, then the plaintiff's motion is not timely because it was filed more than ten days after judgment was entered in this case.

**THEREFORE, IT IS ORDERED** that the **Plaintiff-Appellant's Motion for Reconsideration or Alternatively Notice of Appeal to District Court's Order and Judgment Dated February 25, 2008 and February 26th, 2008, Respectively** [#47], filed April 7, 2008, is **DENIED**.

Dated February 5, 2009, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge